United States District Court

Eastern District of Louisiana

Tenet Healthsystem

v.                                              CIVIL ACTION NO. 2:03-cv-02915
                                                SECTION S (1)
Jeff Parish Hosp Svc


The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

(1) A list of all parties still remaining in this action;

(2) Copies of all pleadings, including answers, filed by those parties in state court; and

(3) Copies of the return on service of process on those parties filed in state court.

New Orleans, Louisiana, October 20, 2003.

                                                By Direction of the Court

                                                LORETTA G. WHYTE, CLERK

FILED
U.S DISTRICT COURT
EASTERN DISTRICT OF LA

2003 OCT 17 PM 3: 35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TENET HEALTHSYSTEM SURGICAL, L.L.C. | CIVIL ACTION NO.: **03-2915** |
| VERSUS | SECTION " " |
| JEFFERSON PARISH HOSPITAL SERVICE DISTRICT NO. 1 | MAGISTRATE ( **SECT. S MAG. 1** |

\* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

NOW INTO COURT, thorough undersigned counsel, comes Jefferson Parish Hospital Service District No. 1 d/b/a West Jefferson Medical Center ("WJMC"), sought to be named as a defendant in the above captioned proceeding, who, aver that this matter be removed to this Court pursuant to the provisions of 28 U.S.C. Sections 1441 and 1446 and who herewith file this Notice of Removal with this Court, for the following reasons:

1.

On or about September 30, 2003, a petition entitled "Tenet Healthsystem Surgical, L.L.C. v. Jefferson Parish Hospital Service District No. 1" was filed in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, bearing Case No. 599-413 "H" on the docket of that Court, which is within the Eastern District of Louisiana. A copy of said Petition is attached as Exhibit "A."

Fee 150
Process____
X Dktd____
__ CtRmDep____
__ Doc. No. 1

2.

The first date on which WJMC received a copy of said Petition was on or about October 1, 2003, when it received a courtesy copy of the Petition via facsimile from counsel for the plaintiff. Thus, pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal is timely filed.

3.

This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1331, and is one which may be removed to this Court by WJMC pursuant to the provisions of 28 U.S.C. Section 1441 in that it is a civil action wherein the matter in controversy invokes federal claims.

4.

Plaintiff's allegations invoke claims arising under the United States Constitution in that it alleges "an unconstitutional deprivation of [its] property rights". *See* Petition at ¶XVII; *see also* Memorandum in Support for Injunctive Relief at 7 ("[s]uch actions are . . . a violation of the Constitution of the . . . United States of America"). Therefore, this Court has original jurisdiction over the claim by virtue of 28 U.S.C. Section 1331. Accordingly, this case is removed under 28 U.S.C. Section 1441 because the case arises under federal law.

5.

In accordance with 28 U.S.C. Section 1446(d), WJMC has provided notice to plaintiff, through delivery of a copy of this Notice of Removal to its counsel of record and to the Clerk of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, through filing into the record of this action therein of this Notice of Removal.

6.

WJMC files herewith as Exhibit "B" copies of all process, pleadings and orders served upon or otherwise provided to it.

WHEREFORE, WJMC prays that this cause be removed to the United States District Court for the Eastern District of Louisiana and that this Court assume full jurisdiction over the cause herein as provided by law and for further proceedings and disposition.

Respectfully submitted,

*[signature: Peter J. Butler, Jr.]*

Peter J. Butler (Bar # 3731), T.A.
Peter J. Butler, Jr. (Bar #18522)
Richard G. Passler (Bar #21006)
Sarah Ney (Bar #25471)
**BREAZEALE, SACHSE & WILSON, L.L.P.**
909 Poydras Street, Suite 1500
New Orleans, Louisiana 70112
Telephone: (504) 584-5454

**Counsel for
Jefferson Parish Hospital Service District No. 1
d/b/a West Jefferson Medical Center**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been forwarded to all counsel of record by depositing a copy thereof, postage prepaid, in the United States mail, addressed to them on this 17th day of October, 2003.

*[signature: Peter J. Butler, Jr.]*

- 3 -

NO:94126.1

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 599-413

DIVISION " "

DIV. H
JUDGE
KERNAN A. HAND

TENET HEALTHSYSTEM SURGICAL, L.L.C.

versus

JEFFERSON PARISH HOSPITAL SERVICE DISTRICT NO. 1

FILED: _____    _____
                                    DEPUTY CLERK

### PETITION

NOW INTO COURT, through undersigned counsel, comes Tenet HealthSystem Surgical, L.L.C., a Limited Liability Company organized under the laws of the State of Louisiana, and with respect represents:

I.

Made defendant herein is Jefferson Parish Hospital Service District No. 1, d/b/a West Jefferson Medical Center (hereinafter "WJMC"), a body corporate in politic and a political subdivision of the State of Louisiana.

II.

On April 20, 2001, Tenet HealthSystem Surgical, L.L.C. (hereinafter "THS"), as lessee, and Marrero Shopping Center, Inc., as lessor, entered into a lease of 8,700 square feet of space in a building owned by Marrero Shopping Center, Inc. for an initial term of five (5) years with a right to extend the lease through April 30, 2021 and specifically providing that the leased premises may be used for "out patient surgical procedures and general medical and physicians' offices, including related uses . . ." (hereinafter the "Medical Office Lease").

III.

Leasehold improvements having a value in excess of $1,000,000.00 have been made to the leased premises in order for it to be used to provide medical services, including lead lined walls for


EXHIBIT A

x-ray services.

IV.

By act dated June 2, 2003, WJMC purchased the leased premises and assumed all obligations under the Medical Office Lease.

V.

By letter dated April 29, 2003, THS requested the consent of WJMC, as lessor, to the assignment of the Medical Office Lease and to the alteration of the leased premises consistent with the uses permitted in the Medical Office Lease.

VI.

By letter dated September 8, 2003, a representative of WJMC refused to grant consent, and initially refused to provide any reason.

VII.

Under the terms of the Medical Office Lease, Article X provides:

> "Tenant shall not make any alterations, additions and changes in or to the Leased Premises without first submitting plans and specifications to Landlord and securing Landlord's prior written consent, which consent will not be unreasonably withheld.
>
> * * *
>
> Notwithstanding anything herein to the contrary, Tenant may make non-structural alterations, additions and changes in or to the Leased Premises without Landlord's consent."

Article XVI of the Medical Office Lease provides in pertinent part:

> ". . . Tenant shall not, without the prior written consent of the Landlord in each instance, which said consent shall not be unreasonably withheld, conditioned or delayed, (1) assign this Lease or any interest under it . . ."

VIII.

After the attorney for THS demanded reasons for the refusal to consent, reasons were given by letter dated September 23, 2003, as follows:

> 1. The subject premises is now located upon the campus of WJMC. It is within walking distance of the hospital which is located on the campus. Your proposed assignee wishes to conduct a competing business with WJMC on the campus of WJMC and within

2

walking distance of its hospital.

2. The lead wall which your proposed assignee wishes to construct in the building is totally unacceptable to WJMC; it totally changes the character of the premises and attempts to convert that portion of the building to a use for which it was not intended or designed; and

3. THS has already breached its lease with the owner in that Article XVI provides that the tenant shall not assign said lease without the prior written consent of the landlord.

## IX.

The refusal to consent to the assignment due to the fact that the premises will be occupied by a competing business use which is a use specifically provided for under the terms of the Medical Office Lease is not a reasonable basis for a landlord to refuse to consent to such an assignment.

## X.

The leasehold improvements made to the leased premises included the installation of lead in the walls as part of the medical use of x-ray equipment. The proposed installation of lead is consistent with a medical use and is not a structural change to the premises and is clearly not a change in the character of the premises or an attempt to convert the building to a use for which it was not intended or designed.

## XI.

THS has not breached the Medical Office Lease and has not entered into an assignment of the Medical Office Lease. The proposed assignment as outlined in the original notice is subject to the consent of the landlord.

## XII.

The refusal of WJMC to consent to the assignment is unreasonable, unlawful and a breach of the Medical Office Lease which has caused and is continued to cause damages to THS.

## XIII.

In August of 2003, WJMC requested that THS terminate the Medical Office Lease. WJMC intends to take over the medical office premises of THS, restrain competition and convert the substantial tenant improvements made by THS.

3

XIV.

THS and WJMC are business competitors. The above actions by WJMC have been taken with the intent to harm its competitor. The reason given by WJMC for not consenting to the continued use of the premises as medical offices is any unlawful restraint of trade and competition in the market place.

XV.

The action of WJMC is an unfair method of competition and an unfair and deceptive trade practice in violation of LSA-R.S. 51.1401.

XVI.

The above action of WJMC, a political subdivision of the State of Louisiana, is an unconstitutional deprivation of the property rights of THS under the Medical Office Lease.

XVII.

During the pendency of these proceedings, WJMC will continue its clear breach of the lease and unlawful activity, which will result in irreparable injury, loss and damage to THS. The agreement to assign the lease is conditioned upon obtaining the lessor's consent on or before October 25, 2003, and therefore it is necessary that this Court issue a mandatory preliminary injunction in order to protect the plaintiff's rights.

XVIII.

THS is also entitled to and demands all attorney's fees incurred in connection with this matter.

WHEREFORE, Tenet HealthSystem Surgical, L.L.C., plaintiff in the above numbered and entitled proceeding, prays that:

1) Defendant, Jefferson Parish Hospital Service District No. 1 be served with Citation and a copy of this Petition and that after due proceedings had, there be judgment herein, in its favor, and against Jefferson Parish Hospital Service District No. 1 declaring Tenet HealthSystem Surgical, L.L.C. has a right to assign the Medical Office Lease and make the proposed alterations and that it be awarded all damages incurred as a result of the unlawful acts and breach of contract by Jefferson

4

Parish Hospital Service District No. 1, and all costs and attorney's fees incurred;

2) Defendant, Jefferson Parish Hospital Service District No. 1, be ordered to show cause on a date and hour to be fixed by this Court why a mandatory preliminary injunction should not be issued herein, enjoining it from interfering with the assignment of the Medical Office Lease and alterations pending the outcome of this litigation.

Respectfully submitted,

WINDHORST, GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.

_____
DANIEL A. RANSON                    #11114
Oakwood Corporate Center
401 Whitney Ave., Suite 500
Gretna, LA 70056
P.O. Box 1910
Gretna, LA 70054-1910
Telephone: (504)362-2466 / Fax: (504)362-5938
Attorney for Plaintiff,
Tenet HealthSystem Surgical, L.L.C.

## ORDER

IT IS ORDERED that the defendant, Jefferson Parish Hospital Service District No. 1, show cause on the 8th day of October, 2003 at 9:30 o'clock ___.m. why a mandatory preliminary injunction should not be issued as prayed for above. Proof shall be presented as in ordinary proceeding.

Gretna, Louisiana, this _____ day of _____, 2003 at Gretna, Louisiana.

_____
JUDGE

PLEASE SERVE:

Jefferson Parish Hospital Service District No. 1,
through its Chief Executive Officer,
A. Gary Muller
1101 Medical Center Blvd., Suite 201
Marrero, LA 70072
(Personal Service Only)

G:\0261\1033\pleadings\petition.wpd

5

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**